<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

XIOMARA ALMANZAR,            :

                               :     Civil Action No. 07-1499 (KSH)

          Petitioner,   :

                               :

          v.                  :       **O P I N I O N**

                               :

ALBERTO GONZALES,        :

                         :

          Respondent. :

_____:

**APPEARANCES:**

    Xiomara Almanzar, Petitioner <u>Pro</u> <u>Se</u>
    INS A 78 830 573
    317 Lafayette Avenue, Apt. B-4
    Passaic, NJ 07055

**HAYDEN, District Judge**

    Petitioner, Xiomara Almanzar, is an alien currently awaiting removal and

detained in New Brunswick, New Jersey.  She has submitted her third petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent is the United States

Attorney General Alberto Gonzales.  For the following reasons, the petition for habeas

relief under § 2241 will be dismissed.

_____

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions. ...
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

## BACKGROUND

Petitioner is a native and citizen of the Dominican Republic.  She is currently subject to a final order of removal, and recently was taken into custody by the United States Department of Homeland Security on March 27, 2007.[2]

Petitioner brings this action under 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651, asking this Court for a fair and reasonable adjudication of her immigration petition.  Specifically, it appears that petitioner seeks a judicial determination by this Court of her eligibility to remain in the United States and to adjust her status as a lawful permanent resident pursuant to the "Life Act Amendments of 2000".  Petitioner makes reference to her two earlier habeas actions, Almanzar v. Ashcroft, Civil No. 04-3827 (KSH) and Almanzar v. Gonzales, Civil No. 05-4752 (KSH), in which petitioner sought similar relief from this Court.

---

[2] The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security.  As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security ("DHS").  The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement ("BICE").  Petitioner is now detained at the Middlesex County Adult Correction Center in New Brunswick, New Jersey.

The following factual and procedural history is adopted from this Court's Opinions entered in petitioner's earlier habeas actions.[3]

Petitioner entered the United States at an unknown time and location.  After inspection by an Immigration Officer, she was not admitted or paroled into the United States.  Petitioner's husband, a United States citizen, filed a visa petition on behalf of petitioner, which was denied on January 31, 2002, due to a finding by the immigration service that the marriage of petitioner was strictly to procure petitioner's permanent residence in the United States.  An appeal from the denial of the visa petition was rejected on April 25, 2002 as untimely and improperly filed.

---

[3]   See the January 31, 2005 Opinion entered in Almanzar v. Ashcroft, Civil No. 04-3827 (KSH)(Docket Entry No. 12) and the May 16, 2006 Opinion entered in Almanzar v. Gonzales, Civil No. 05-4752 (KSH)(Docket Entry No. 2).

Petitioner also filed an Application for Status as Permanent Resident, which was denied on March 7, 2002, because it was based on the earlier visa petition filed by her husband that had been  denied.  Thereafter, on September 19, 2002, petitioner was served with a Notice to Appear before an immigration judge because she was an alien present in the United States without being admitted or paroled, who arrived at a non-designated location, in violation of the Immigration and Nationality Act ("INA"), section 212(a)(6)(A)(i).[4]

---

[4]  The Immigration and Nationality Act, section 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i) states:

(a) Classes of aliens ineligible for visas or admission- Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:
                    . . .          (6) Illegal entrants and immigration violators
        (A) Aliens present without admission or parole- (i) In general- An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible.

4

On September 10, 2003, petitioner applied for and was granted a voluntary departure in lieu of removal.[5]  Petitioner was ordered to depart on or before January 8, 2004.  However, petitioner failed to depart.  Instead, petitioner filed a motion to reopen her proceedings for adjustment of her status.  The motion to reopen was denied on January 30, 2004.  The immigration judge ("IJ") found that petitioner's motion to reopen was flawed, in that she did not submit a fee, and requested fee waiver, which would "place in danger" her request for adjustment of status.  The IJ admonished "whoever handled [petitioner's] motion."  However, the IJ also found that an application to adjust status had already been denied, and there was no indication that the prior decision was not final.  The IJ stated that petitioner "presents no evidence that she is eligible to adjust status . . . ."  Also, the IJ found that petitioner failed to establish ineffective assistance of counsel in that she did not comply with the requirements of <u>Matter of Lozada</u>, 19 I&N Dec. 637 (1988), <u>aff'd</u> 857 F.2d 10 (1st Cir. 1988).

An appeal of the denial was filed with the Board of Immigration Appeals ("BIA").  On June 22, 2004, the BIA affirmed, without opinion, the IJ's decision.  Petitioner then filed a second appeal with the BIA, which was denied on November 30, 2004.  The BIA noted that petitioner had failed to provide new information sufficient to warrant reopening, and that she did not comply with the procedure to allege ineffective assistance of counsel as set forth in <u>Lozada</u>.

---

[5]    Petitioner has contended that she never agreed to a voluntary departure.  Rather, an unknown, designated counsel appeared on her behalf and stipulated to a voluntary departure without her knowledge or consent.  Petitioner states that this counsel was not authorized to compromise voluntary departure without her consent.

During the course of these appeals to the BIA, petitioner filed her first petition for habeas corpus relief, Almanzar v. Ashcroft, Civil No. 04-3827 (KSH).  This Court dismissed the petition for lack of jurisdiction.  In particular, this Court found that denials of motions to reopen or for reconsideration by the BIA are subject to review by the appropriate Court of Appeals, in this instance, the Court of Appeals for the Third Circuit, and not by the district court.  This Court further ruled that it was not in the interests of justice to transfer the matter to the Court of Appeals because the IJ and the BIA had determined on two occasions that petitioner's claims had no merit and petitioner proffered no evidence to show that the motions were improperly denied.

Petitioner appealed from this Court's decision, and on June 15, 2005, the United States Court of Appeals for the Third Circuit dismissed the appeal as untimely filed.

Three months later, petitioner filed her second habeas petition, Almanzar v. Gonzales, Civil No. 05-4752 (KSH).  On May 16, 2006, this Court dismissed the second petition for lack of jurisdiction on the same grounds as set forth in the earlier action. This Court also found that the recently enacted REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) stripped the district court of jurisdiction to review petitioner's challenges to the immigration orders, and that the only court with jurisdiction to review the immigration orders is the United States Court of Appeals for the Third Circuit.  See 8 U.S.C. § 1252(b)(2).  This Court further declined to transfer petitioner's action because it would not be in the interests of justice to transfer to the Court of Appeals what amounted to an untimely petition for review.

Petitioner appealed from this Court's May 16, 2006 decision.  On August 15, 2006, the United States Court of Appeals for the Third Circuit affirmed this Court's ruling.

Petitioner now brings this third action, again challenging the very same immigration orders at issue in her previous applications before this Court, and which compel her removal from the United States.  However, petitioner newly alleges that the "Aytes" Memorandum HQDOMO 70/23.1, dated January 12, 2007 ("Aytes Memorandum"),[6] avails petitioner a chance to adjust her status.  Petitioner attaches a copy of the Aytes Memorandum and her application to the BIA, dated March 29, 2007, seeking to reopen her case for adjustment of status.  The Aytes Memorandum appears to amend the jurisdictional component of 8 C.F.R. § 245.2(a)(1), by stating that applications for adjustment of status are to be adjudicated by the United States Citizenship and Immigration Services, and that an Immigration Judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1) only under certain circumstances.

## DISCUSSION

A writ of habeas corpus shall not extend to a prisoner unless she is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

---

[6]   The Aytes Memorandum is an Interoffice Memorandum from Michael L. Aytes, Associate Director of Domestic Operations, to Regional, District, Service Center, and other Directors regarding the eligibility of arrival aliens in removal proceedings to apply for adjustment of status and jurisdiction to adjudicate applications for adjustment of status.

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

In petitioner's two earlier habeas petition, this Court had found that denials of motions to reopen or for reconsideration by the BIA are reviewed by the Court of Appeals for the appropriate district, and not the federal district court.  See Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir. 2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir. 2002); Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)("[d]iscretionary decisions of

8

the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law'"); <u>Dastmalchi v. INS</u>, 660 F.2d 880, 885, 886 (3d Cir. 1981).  This Court further found that petitioner had not demonstrated that she appealed to United States Court of Appeals for the Third Circuit for review of the decision of the BIA to deny her motion to reopen.

Moreover, the REAL ID Act of 2005 expressly provides that a petition for review of the immigration orders challenged by Petitioner may only be filed with the appropriate Court of Appeals, in this case, the Third Circuit.  <u>See</u> 8 U.S.C. § 1252(b)(2).

Thus, this Court will dismiss this third petition for lack of jurisdiction.  As previously noted, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, this Court had determined on two prior occasions that it is not in the interests of justice to transfer this matter to the Court of Appeals.  There is nothing proffered in the new petition that would alter this ruling.

Finally, this Court notes that petitioner has recently filed a new motion to reopen her case with the BIA, based on the Aytes Memorandum.  There is no indication that the BIA has ruled on petitioner's motion to date.  Therefore, having no decision or order from the BIA on petitioner's newly-filed motion to reopen, it is premature to transfer this matter to the Court of Appeals for judicial review of a yet-to-be made decision by the BIA.

<b><u>CONCLUSION</u></b>

For the reasons set forth above, the Petition must be dismissed for lack of jurisdiction.  An appropriate order follows.


/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge


Dated:  8/23/07